1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEOFF MCPHERSON and ROSEANN
MCPHERSON,

                Plaintiffs,

      v.

HOMEWARD RESIDENTIAL, et al.,

                Defendants.

CASE NO. C12-5920 BHS

ORDER GRANTING
PLAINTIFFS' MOTION FOR AN
INJUNCTION

14

15

16

17

18

      This matter comes before the Court on Plaintiffs Geoff and Roseann McPherson's ("McPherson") motion for a temporary restraining order (Dkt. 28). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

19

20

21

22

      On September 26, 2012, the McPhersons filed a complaint in Pierce County Superior Court for the State of Washington.  Dkt. 1-2.  The McPhersons allege that Defendants have violated the Washington Consumer Protection Act, RCW Chapter

1   19.86; violated the Washington Deed of Trust Act ("DTA"), RCW Chapter 61.24; and

2   committed common law negligence, fraud, and misrepresentation.  *Id*.

3          On October 16, 2012, Defendants removed the matter to this Court.  Dkt. 1.

4          On December 10, 2012, the parties submitted a stipulated motion to temporarily

5   enjoin the Trustee's sale pursuant to the DTA.  Dkt. 15.  The Court issued the order the

6   next day.  Dkt. 16.  The injunction was set to automatically dissolve upon the earlier of

7   March 9, 2013, or the McPhersons obtaining a loan modification.  *Id*.  The parties agreed

8   that the McPhersons would deposit monthly payments of $1,277.00 into the Court

9   registry as a condition of enjoining the sale.  *Id*.  If they failed to make a payment, the

10  injunction would automatically dissolve and Defendants would be entitled to schedule a

11  foreclosure sale in accordance with the requirements of the DTA.  *Id*.

12         On August 19, 2013, the McPhersons filed a motion for a temporary restraining

13  order to enjoin a Trustee's sale set for August 23, 2013.  Dkt. 28.

14                            **II. DISCUSSION**

15         Under the DTA, a court may enjoin a trustee's sale for any legal or equitable

16  ground.  RCW 61.24.130(1).  As a condition of such restraint, the court must require the

17  borrower to deposit monthly payments into the court's registry.  *Id*.

18              If the restraining order or injunction is dissolved after the date of the
            trustee's sale set forth in the notice as provided in RCW 61.24.040(1)(f),
19          the court granting such restraining order or injunction, or before whom the
            order or injunction is returnable, shall, at the request of the trustee, set a
20          new sale date which shall be not less than forty-five days from the date of
            the order dissolving the restraining order.

21

22

ORDER - 2

RCW 61.24.130(3).  The Court is unable to find and is unaware of any authority interpreting this provision of the DTA.  In the absence of specific authority, the general rules apply.  The Washington Supreme Court

> has frequently emphasized that the deed of trust act must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales.

*Klem v. Washington Mut. Bank*, 176 Wn.2d 771, 789 (2013) (citations and quotations omitted).  As applied to RCW 61.24.130(3), the trustee is required to ask the court that issued the injunction to reset the trustee's sale because the DTA must be strictly construed to compensate for the lack of judicial oversight.

In this case, the trustee has unilaterally proceeded with a foreclosure sale after an injunction dissolved.  Such unilateral action provides the Court with a legal ground to enjoin the pending sale.  Therefore, the Court grants the McPhersons' motion for a temporary restraining order because the trustee failed to technically comply with the DTA.  As a requirement of the injunction, the McPhersons must make monthly deposits of $1277.00 into the Court's registry beginning September 1, 2013 and continuing on the first of every month thereafter.

The Court declines to consider or pass upon any other issue presented in the McPhersons' motion.  These issues will preferably be considered and ruled upon in the normal course of this proceeding with respect to every party's due process rights.

**III. ORDER**

Therefore, it is hereby **ORDERED** that the McPhersons' motion for a temporary restraining order is **GRANTED**.  This injunction shall dissolve (1) automatically if the McPhersons fail to make monthly deposits or (2) further order of the Court either *sua sponte* or upon request from the trustee pursuant to RCW 61.24.130(3).

Dated this 21st day of August, 2013.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4